**In re Petition for Disciplinary Action against Ernest E. CUTTING, an Attorney at Law of the State of Minnesota.**

No. C8–87–819.

Supreme Court of Minnesota.

Sept. 29, 1987.

**ORDER**

AMDAHL, Chief Justice.

The Director of Minnesota Lawyers Professional Responsibility filed with this court a petition in which he alleged that the respondent Ernest E. Cutting had in 1985 been appointed guardian of an automobile accident victim. In such capacity, the respondent though filing an inventory left unstated values on many inventory items. Although he was guardian for a number of months, he failed to obtain values on those items and, among other things, did not timely submit approximately $7,000 in unpaid medical bills to his ward's insurance carrier who because of the delay refused to pay the bills. The petition also alleged that the respondent had been sent a dissolution of marriage petition by the attorney for the ward's wife but that the respondent failed to proceed with the marriage dissolution for over seven months during which the ward was unable to use and obtain personal property in the possession of his wife which would have been beneficial to the ward. The petition further alleges that respondent ignored a request by the ward's father to dissolve a partnership owned by the ward and his father. The petition also contended that the ward's father filed a petition seeking removal of respondent as guardian. After some maneuvering, respondent did eventually resign as guardian, but he was delinquent in filing an inventory and final account to which objections were made including the amount of the respondent's fee charged therein. Subsequently, the court disallowed a number of the matters objected to and allowed others. Eventually, the successor guardian had difficulty in getting from the respondent all the estate assets. The petition likewise alleged that the respondent failed to file an amended final account as ordered by the court, all in violation of certain disciplinary rules of the Minnesota Rules of Professional Conduct. In addition to handling that estate improperly, the second count of the petition alleged that the respondent had mismanaged the handling of an estate of a decedent in various matters and had failed to render appropriate accountings. The allegations of the petition were that the respondent's conduct in connection with this estate in failing to properly handle the matter and communicate with beneficiaries of the estate violated disciplinary rules. The petition likewise charged the respondent

with noncooperation with the Office of the Director of Lawyers Professional Responsibility on numerous occasions, all in violation of disciplinary rules. After initially filing an answer generally denying the allegations of the petitions at the time of the scheduled hearing before a court appointed referee, the respondent amended his answer to admit certain violations as alleged and the Director agreed to recommend a comprehensive conditional suspension as the appropriate sanction to be imposed by the court. The court has been furnished with a copy of the Director's petition, the original answer, and the court reporter's statement of the transcription of the hearing taken before the court appointed referee.

The court having considered all of the foregoing, NOW ORDERS:

1. That effective today the respondent be suspended from the practice of law for 30 days. The hearing required by Rule 18(d) of Rules on Lawyers Professional Responsibility shall be waived but in lieu thereof before reinstatement shall be granted, the respondent shall be required to file with this court an affidavit with a copy filed with the Director which concerns his compliance with Rule 18(e) establishing all of the following:

(a) That respondent has complied with notification requirements under Rule 26.

(b) That respondent has satisfied all CLE requirements under Rule 18(e).

(c) That all costs and disbursements, if not paid, will be paid within 90 days of the court's order. The parties have stipulated that the costs are $750 but disbursements in this matter have been waived.

(d) That respondent will complete the professional responsibility examination under Rule 18(e) within one year of the court's order. It is agreed that failure to successfully complete said examination entitles the Director to move the court for an order of suspension until the requirement has been successfully completed.

2. After submitting the foregoing affidavit and assuming that the respondent is reinstated to the practice of law, the respondent will continue to be subject to two years' supervised public probation. The terms of this supervised probation shall be as follows:

(a) Within two weeks of the date of the court's order, the respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of the probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to the Director as a supervisor. The respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director during the course of the probation.

(b) Respondent shall, during all times of the probation, cooperate fully with his supervisor and with the Director's office in their efforts to monitor compliance with the probation as well as in any investigations of further unprofessional conduct which may arise during the course of the probation. Either respondent's admission or a referee's finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the probation.

(c) If at any time during the probation after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has not complied with the terms and conditions of the probation, the Director may file a petition for disciplinary action against respondent in the court without the necessity of any panel proceedings. The petition may include any additional matters which have arisen since the time of the present petition for disciplinary action.

(d) The supervising attorney shall periodically review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust

accounts and shall periodically review respondent's files in order to assure that his files are being dealt with diligently. Respondent agrees to report at least quarterly to the supervisor concerning the status of all matters being handled by respondent, and shall prepare for the supervisor an inventory of all files which respondent is handling, by case type and file name, and listing the action to be taken on the file prior to the next date of reporting.

(e) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Respondent shall at all times abide by all the terms of the Minnesota Rules of Professional Conduct.